IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

**FILED**

MAR 27 1997

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

TINA R. ROBERTS, as mother )
and next friend of her )
unborn child, a deceased )
minor, and TINA R. )
ROBERTS, individually, )
 )
    Plaintiffs )
 )
v. )   CV NO. 96-HM-1405-J
 )
WALKER COUNTY, ALABAMA, )
and JOHN MARK TIREY, in )
his individual and )
official capacity as )
Sheriff of Walker County, )
Alabama, [Defendants Walker )
County Sheriff's Department and )
Walker County Jail dismissed by )
Order of March 24, 1997 because )
neither is an entity subject to )
suit] )
 )
    Defendants )

**ENTERED**

MAR 27 1997

## MEMORANDUM OPINION

The above-entitled civil action via complaint which is replete with a plethora of pleading deficiencies and violations is currently before this Court on the June 21, 1996 Rule 12(b)(6), Fed. R. Civ. P. Motion to Dismiss filed herein by Defendant Walker County, Alabama [hereinafter "Walker County"] and the June 21, 1996 Rule 12(b)(6), Fed. R. Civ. P. Motion to Dismiss filed herein by Defendant John Mark Tirey [hereinafter "Tirey"] in his individual and official capacity as the Sheriff of Walker County, Alabama. This Court treats and considers each above-identified Rule 12(b)(6) Motion to Dismiss to be directed to Plaintiff's Complaint as a whole and to each and every purported claim for relief asserted by

Plaintiff against each above-identified Movant/Defendant and in the respective capacities in which the Movant/Defendant Sheriff is herein sued. And it is SO ORDERED.

For the reasons hereinafter stated, this Court finds, determines and holds that each Rule 12(b)(6) Motion to Dismiss as asserted in each capacity in which the Movant/Defendant is sued herein is due to be granted as directed to Plaintiff's Complaint as a whole and to each and every claim for relief therein asserted against each Movant/Defendant and in the capacity or capacities in which each Movant/Defendant is sued in each such claim for relief.

This civil action was filed directly in this Court on May 30, 1996 with jurisdiction predicated on 28 U.S.C. § 1331 [federal question]. There is no allegation alleging that any claim is due recognition under the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367. Plaintiff's four count Complaint is reproduced in its entirety in the Appendix to this opinion. Plaintiff alleges violations of 42 U.S.C. § 1983 [Counts I, II and III[1]] on the part of both remaining defendants.[2] Count IV of Plaintiff's Complaint is necessarily treated and considered by the Court as a federal law claim by reason of its purported incorporation by reference of

---

[1] Count III may have a glimmer of a state law claim for wrongful death, Ala. Code § 6-5-410, within its language. However, this Court declines to ascribe that status to Count III since it is essentially a 42 U.S.C. § 1983 claim. Therefore, this Court treats and considers Count III to be a § 1983 claim.

[2] Original Defendants Walker County Jail and Walker County Sheriff's Department were dismissed by Order of this Court dated March 24, 1997 because they are not entities subject to suit.

2

preceding paragraphs 1-45, inclusive.[3] Moreover, the language included in paragraphs 47-49, inclusive, of Count IV ("had a duty to properly train and supervise"; "by failing to adequately and properly train and supervise") is language standardly and customarily used in pleading certain types of 42 U.S.C. § 1983 claims. Furthermore, this Court cannot recall a single civil state law claim for relief in which this cited type of pleading language was used by the pleader. Finally, Rule 2(a)(1) of the Federal Rules of Civil Procedure provides, "A pleading shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends." There is no statement in Count IV invoking this Court's Supplemental Jurisdiction pursuant to 28 U.S.C. § 1367.

## FACTUAL BACKGROUND

Plaintiff's Complaint alleges that Plaintiff was incarcerated in the Walker County Jail on or about June 20, 1994.[4] It is further alleged by Plaintiff that at the time of her incarceration she was four [4] months pregnant, that the jail staff knew of this pregnancy and that the staff knew that Plaintiff had experienced problems with previous pregnancies.[5] Plaintiff alleges that on or about June 23,

---

[3]Paragraph 46 (the first paragraph in Count IV) reads as follows:

> Plaintiff realleges and incorporates by reference, as if fully set out herein, paragraphs one (1) through forty-five (45) above.

[4]The Complaint does not allege or show the legal status occupied by Plaintiff while confined in the Walker County Jail, i.e. whether a pretrial detainee or a convicted inmate.

[5]Unbelievable!

3

1994 (three days after arriving at the jail)while still incarcerated Plaintiff contracted infectious sores on her stomach and legs from a fellow inmate.[6] After requesting medical attention, Plaintiff alleges that her request was ignored by the jail staff. It is further alleged by Plaintiff that on or about July 1, 1994 Plaintiff asked for the seventh time that her husband be allowed to bring her pre-natal vitamins from home. The jail staff allegedly informed Plaintiff that she would have to see a doctor before being given any medication. Plaintiff allegedly again requested to see a doctor, but that request was again refused. Plaintiff alleges that from July 4, 1994 until July 10, 1994 Plaintiff suffered from dizziness and renewed her requests for medical attention but such requests were repeatedly denied.

While being visited by her husband at the Walker County Jail on July 10, 1994 Plaintiff alleges that she became weak and extremely ill. Plaintiff's husband allegedly requested medical attention, but his requests were denied. It is further alleged that shortly after the incident during her husband's visit, Plaintiff passed out onto the floor. After regaining consciousness, Plaintiff allegedly again requested that a doctor be called only to have this request denied as well.

It is further alleged by Plaintiff that from July 10, 1994 through July 17, 1994 Plaintiff made repeated requests for medical attention which were denied. Plaintiff alleges that during this time period Plaintiff noticed decreased fetal movement. On or about

---

[6]This allegation deserves expert medical scrutiny.

4

July 17, 1994 Plaintiff alleges that she awoke with back pain and spotting. It is alleged that at this time, the jail staff finally sought medical care for Plaintiff, resulting in a three day hospitalization. During this hospitalization, a sonar test confirmed that Plaintiff's unborn child was dead. Plaintiff alleges that she was eventually released to the jail with prescriptions for antibiotics and pain medication. Plaintiff further alleges that the Walker County Jail failed to fill either of these prescriptions and that as a result thereof, developed an infection from the DNC.

## DISCUSSION

I. Analysis of Matters Affecting Plaintiff's Entire Complaint

Before conducting a count-by-count analysis of Plaintiff's Complaint several issues relevant to the Complaint in its entirety must be addressed. First, this Court must address the manner in which counsel of record for Plaintiff drafted the Complaint filed directly in this Court in this civil action. In *Anderson v. District Bd. of Trustees*, 77 F.3d 364, 366 (11th Cir. 1996), the Eleventh Circuit warned the members of the federal bar in this circuit against "shotgun" pleading, where the complaint is so lacking in factual clarity and relevant detail that the recipient of the pleading cannot determine "which allegations of fact are intended to support which claim(s) for relief." This Court finds that counsel of record for Plaintiff has unfortunately done exactly that against which the *Anderson* court cautioned. Counsel of record for Plaintiff in this civil action, just like plaintiff's counsel in *Anderson*, has employed the practice of incorporating each and every preceding

5

paragraph of the complaint into each following count, whether or not all of those incorporated paragraphs were germane to the count at hand or not. This Court, just like the panel in *Anderson*, will NOT allow such techniques to be employed by counsel of record for Plaintiff in any future pleadings submitted to this Court. In addition to and as an alternative to the Court's holdings on the merits as set forth hereinafter, this Court finds, determines and holds that pursuant to the Eleventh Circuit's holding in *Anderson*, Plaintiff's entire complaint is due to be dismissed for failure to make specific enough factual allegations and for failure to clearly show which factual allegations support which legal claims so as to allow the recipient to formulate an intelligent answer. Counsel of record for Plaintiff are DIRECTED to read and thoroughly familiarize themselves with *Anderson*, a copy of which is reproduced in the Appendix to this opinion, and to conform strictly to its holdings in drafting all future pleadings to this federal district court. This Court will now proceed to address the *"merits"* of Plaintiff's complaint as it currently exists.

This Court observes (as does Defendant Sheriff Tirey in his Motion to Dismiss) that Plaintiff has attempted to state all claims for relief contained in her Complaint against Sheriff Tirey in his official capacity as Sheriff of Walker County as well as against Sheriff Tirey in his individual capacity.[7] It is well established

---

[7]In paragraph one (1), Plaintiff alleges,

Plaintiff contends that while in custody in the Walker County Jail, defendants acting under color of state law, in both their individual and official capacities, each

6

and this Court now holds that Defendant Sheriff Tirey in his official capacity as Sheriff of Walker County, Alabama is an executive official of the State of Alabama and NOT Walker County, Alabama and is therefore immune from damages actions pursuant to the Eleventh Amendment to the United States Constitution and Section 112 of the Constitution of Alabama of 1901.[8]  *See Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) . Since Plaintiff can allege no set of facts under which Defendant Sheriff Tirey can be held liable for money damages in his official capacity as Sheriff of Walker County, Alabama, all claims in the above-entitled civil action claiming monetary damages against Sheriff Tirey in his official capacity are due to be dismissed **with prejudice.**  Moreover, Plaintiff is hereby PROHIBITED from making allegations against Defendant Sheriff Tirey in his official capacity

---

>       demonstrated a deliberate indifference to Plaintiff's
>       serious medical needs and that of her unborn child.

(emphasis added). By virtue of the technique of incorporation by reference employed by Plaintiff throughout her Complaint, this allegation from paragraph one is a part of all counts and claims for relief in the complaint.  However, excluding the portions incorporated by reference, counsel of record for Plaintiff has failed to indicate in which capacity or capacities Defendant Sheriff Tirey is sued under each count.  In future pleadings, Plaintiff is DIRECTED to clarify in each separate count exactly in which capacity or capacities Defendant Sheriff Tirey is sued.

[8]Section 112 reads:

>   The executive department shall consist of a governor,
>   lieutenant governor, attorney-general, state auditor,
>   secretary of state, state treasurer, superintendent of
>   education, commissioner of agriculture and industries,
>   and a sheriff for each county.

7

in future pleadings to this United States District Court.

Additionally, in the prayer for relief following each count of her Complaint directed against Defendant Walker County, Plaintiff has demanded compensatory and punitive damages in the amount of five million ($5,000,000.00) dollars. Defendant Walker County argues that all demands for punitive damages against it are due to be stricken since punitive damages are not available from Alabama counties. This Court holds that since there is no set of facts which Plaintiff could allege that would allow her to recover punitive damages from Defendant Walker County, each such demand seeking recovery of punitive damages from this Alabama County defendant is due to be stricken and will not be allowed by this Court in future pleadings in this civil action. *See Geter v. Wille*, 846 F.2d 1352, 1355 n.3 (11th Cir. 1988) (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981)).

Finally, the Court notes that Plaintiff has attempted to state all of the 42 U.S.C. § 1983 claims contained in her Complaint on behalf of her unborn child as well as on her own behalf. The Eleventh Circuit has held that no § 1983 claim may be stated on behalf of an unborn fetus since an unborn fetus is not a "person" within the meaning of § 1983. *See Arnold v. Board of Educ.*, 880 F.2d 305, 312 n.9 (11th Cir. 1989)(holding that no § 1983 action lies on behalf of an unborn fetus). Accordingly, since Plaintiff can allege no set of facts under which a fetus can recover under 42 U.S.C. § 1983, this Court holds that all such claims are due to be now dismissed **with prejudice**. The Court hereby PROHIBITS Plaintiff

8

by directive of this Court from seeking to assert claims under 42 U.S.C. § 1983 on behalf of Plaintiff's unborn fetus in her amended complaint.

To the extent that Plaintiff has attempted or will in future pleadings attempt to state an Alabama state law wrongful death claim on behalf of her unborn fetus, this Court notes that under Alabama law, a wrongful death claim does not lie for a non-viable fetus. *See Lollar v. Tankersley*, 613 So. 2d 1249 (Ala. 1993); *Gentry v. Gilmore*, 613 So. 2d 953 (Ala. 1993) (holding that a fetus which has not reached the point of viability outside its mother's womb cannot have a claim for wrongful death). Plaintiff's complaint as it currently exists contains no allegation that her unborn fetus had reached the point of viability. In future pleadings, any claim for wrongful death under Alabama state law on the part of Plaintiff's unborn child <u>must be accompanied by allegations that the fetus was in fact viable</u> in order to survive a Rule 12(b)(6) Motion to Dismiss. Counsel of record for Plaintiff are also here forewarned that bald, conclusory allegations as to viability will not be tolerated by this Court.

II. Analysis of Count I of Plaintiff's Complaint

Count I will be treated and considered by this Court as a 42 U.S.C. § 1983 claim against Defendants Tirey (now in his individual capacity only since this Court has ruled that all counts against Sheriff Tirey in his official capacity are due to be dismissed with prejudice) and Walker County under 42 U.S.C. § 1983. Defendants claim that Count I must be dismissed because it nowhere refers to a

9

constitutional right which was allegedly violated. This Court will therefore dismiss Count I against Defendant Sheriff Tirey in his individual capacity only and against Defendant Walker County, Alabama **without prejudice**. When counsel of record for Plaintiff redrafts Count I he or she must allege which constitutional right was violated in order to survive another Rule 12(b)(6) Motion to Dismiss.

III. Analysis of Count II of Plaintiff's Complaint

Count II, also treated and considered by this Court to be a 42 U.S.C. § 1983 claim directed at both Defendant Walker County and Defendant Sheriff Tirey in his individual capacity only does reference a constitutionally protected right in that it alleges that Defendants Walker County and Tirey violated Plaintiff's Eighth and Fourteenth Amendment rights. Defendants Sheriff Tirey and Walker County contend that the factual allegations contained in Count II are so vague and lacking in meaningful factual detail that Count II cannot be said to state a claim upon which relief can be granted. Count II reads as follows:

> 37. Plaintiff repeats, pleads and incorporates herein by reference all of the allegations in paragraphs one (1) through thirty-six (36) above as if fully set forth herein.
> 38. Each of the defendants demonstrated deliberate indifference to Plaintiff's serious medical needs.
> 39. The actions of defendants set forth above violated Mrs. Roberts [sic] rights secured by the Eighth and Fourteenth Amendments to the United States Constitution not to be subject to cruel and unusual punishment.
> 40. As a result of actions of the defendants, Mrs. Roberts suffered severe pain, suffering and discomfort.

This Court finds these allegations to be bereft of meaningful fact

10

and insufficient to allow a reasonable person to formulate an intelligent answer to this Complaint. In conformity with *Anderson, supra,* this Court must dismiss this Count **without prejudice** for failure to plead with the requisite amount of factual specificity and clarity.

In its brief in support of its Motion to Dismiss, Defendant Walker County urges that it cannot be held liable under 42 U.S.C. § 1983 for the actions of Sheriff Tirey or for the policies he institutes since, as sheriff, he is an agent of the State of Alabama and <u>not</u> of Walker County. Initially, this Court notes that it is well established that theories of or akin to respondeat superior will not support a § 1983 claim. *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691 (1978). To the extent that any such claims are made in Plaintiff's Complaint, they are certainly due to be dismissed **with prejudice**.

In *Parker v. Williams*, the Eleventh Circuit held that a

> [c]ounty, not the state, has the responsibility for running the county jail under Alabama law. As a general principle, the county cannot be insulated from liability for constitutional violations occurring in the performance of its obligations by assigning the authority to perform those obligations to another party. . . . Although the county's *authority* to provide a service may be vested in an official designated as a state official, the county cannot be insulated from liability based on its *responsibilities* with regard to that service by the simple expedience of vesting power in a state official.

862 F.2d 1471, 1479 (11th Cir. 1989)(emphasis in original) (footnotes omitted). In light of this holding, which has not been overruled as of this writing, since there could be some set of facts alleged by Plaintiff in conformity with the rationale in *Parker*

11

which would place liability for the running of the jail on Walker County as well as Sheriff Tirey, this Court cannot dismiss Defendant Walker County **with prejudice** with respect to all claims for relief under 42 U.S.C. § 1983. In any event Plaintiff's complaint fails to allege its claims against Walker County with the requisite amount of factual detail and clarity and are therefore due to be dismissed **without prejudice** pursuant to Anderson.

The question of whether an Alabama county sheriff such as Sheriff Tirey is or can be a policymaker for an Alabama county in light of the Sheriff's status as a state executive official under the Alabama Constitution of 1901 is currently before the Eleventh Circuit Court of Appeals en banc. See Turquitt v. Jefferson County, 102 F.3d 465 (11th Cir. 1996) (granting hearing en banc). Since this decision by the Eleventh Circuit will bear directly on the outcome of this case, in addition to dismissing Plaintiff's original complaint for the reasons stated herein this Court will sua sponte order these proceedings stayed in their entirety pending the decision of the Court of Appeals in Turquitt. Once the Turquitt decision is published, this Court will enter an Order granting counsel of record for Plaintiff a time certain to draft and file and Amended Complaint. In addition to conforming such Amended Complaint to the holdings contained in this Memorandum Opinion, counsel of record for Plaintiff will be required in such Order to conform the liability of Defendant Walker County to the Eleventh Circuit's ruling on the issue of county liability for its sheriff's alleged acts in the Turquitt opinion.

12

IV. Analysis of Count III of Plaintiff's Complaint

Count III is treated and considered by this Court to be a § 1983 claim and not a claim for wrongful death under Alabama state law. In support of her claim of deprivation of rights secured by the constitution and law of the United States within the meaning of § 1983, Plaintiff in Count III cites only Alabama's wrongful death statute and the Privileges and Immunities Clause of Article IV of the United States Constitution. These statutory and constitutional provisions clearly cannot support a § 1983 claim. Therefore, the § 1983 claims stated in Count III against Defendants Walker County and Sheriff Tirey in his individual capacity are due to be dismissed **with prejudice** as well. Plaintiff is hereby PROHIBITED from repleading a 42 U.S.C. § 1983 claim based on Alabama's Wrongful Death Act or the Privileges and Immunities Clause of the United States Constitution in her Amended Complaint.

To the extent that Plaintiff attempted to state a claim under Alabama's Wrongful Death statute, Ala. Code § 6-5-410, against Defendant Sheriff Tirey in his individual and official capacity and against Defendant Walker County in Count III of her complaint and to the extent Plaintiff might attempt to state such a claim against the same defendants in her Amended Complaint, this Court notes that with respect to Defendant Sheriff Tirey an Alabama state law wrongful death claim may not be maintained against Sheriff Tirey since he is an executive officer of the state. As a state executive official, Defendant Sheriff Tirey is entitled to absolute immunity with respect to all claims against him in both his individual and

13

official capacities for money damages under Alabama state law and this Court now so holds. *See* Ala. Const. § 112; *Tinney v. Shores*, 77 F.3d 378, 383 (11th Cir. 1996)(holding that under Alabama law county Sheriffs are entitled to absolute immunity from tort suits for money damages). Since Plaintiff can allege no set of facts under which Defendant Sheriff Tirey can be held liable for money damages under Alabama state law, if Plaintiff in her amended complaint attempts to state a wrongful death claim against Sheriff Tirey in either his individual or official capacity, this Court would be duty bound to dismiss such wrongful death allegations **with prejudice.** Accordingly, Plaintiff is hereby PROHIBITED from asserting an Alabama state law wrongful death claim against Defendant Sheriff Tirey in both his official and individual capacities in future pleadings to the Court in this civil action.

With respect to any <u>attempted</u> claim (present or future) against Defendant Walker County for Alabama state law wrongful death, this Court notes that a respondeat superior theory is not available under Alabama law to make the county liable for acts of the Sheriff or his agents. *See Hereford v. Jefferson* County, 586 So. 2d 209 (Ala. 1991); *Parker v. Amerson,* 519 So. 2d 442 (Ala. 1987). Thus, Walker County cannot be vicariously liable for Alabama state law wrongful death based on the acts of Defendant Sheriff Tirey or his employees. Since all of the wrongful acts alleged in Plaintiff's complaint were on the part of the Sheriff or his employee agents, without using a respondeat superior theory, Plaintiff can allege no set of facts under which Defendant Walker County could be liable for Alabama

14

state law wrongful death. Consequently, in the event counsel of record for Plaintiff attempts to plead an Alabama state law claim for wrongful death against Defendant Walker County this Court would be duty bound to dismiss such claim against Defendant Walker County **with prejudice**. Plaintiff is hereby PROHIBITED from alleging an Alabama state law claim for wrongful death against Defendant Walker County in any future pleadings to this federal district court.

V.   Analysis of Count IV of Plaintiff's Complaint

Count IV is treated and considered by this Court to be a 42 U.S.C. § 1983 claim against Defendant Sheriff Tirey in his individual capacity only (since all official capacity claims against Defendant Sheriff Tirey are due to be dismissed) and not against Defendant Walker County. This claim is predicated on Sheriff Tirey's alleged negligent hiring, training and supervision of his employees. Like Count I, this count nowhere refers to a federal constitutional or statutory right of which Plaintiff was deprived by Defendant Tirey. This Court will therefore dismiss Count IV against Defendant Sheriff Tirey in his individual capacity only **without prejudice**. When counsel of record for Plaintiff redrafts Count IV he or she must allege which federal constitutional or statutory right was violated in order to survive another Rule 12(b)(6) Motion to Dismiss.

To the extent that Count IV was an attempt by counsel of record for Plaintiff to state an Alabama state law tort claim for negligent hiring, training, and supervision against Defendant Sheriff Tirey, this Court again notes that under Alabama law, a county sheriff in

15

both his individual capacity and his official capacity as a state executive officer is entitled to absolute immunity from suit for money damages. *See* Ala. Const. § 112; *Tinney v. Shores*, 77 F.3d 378, 383 (11th Cir. 1996)(holding that under Alabama law county Sheriffs are entitled to absolute immunity from tort suits for money damages). Plaintiff can allege no set of facts under which she can sue Defendant Sheriff Tirey in either his individual or official capacity for money damages under Alabama state law. Accordingly, Plaintiff is hereby PROHIBITED from asserting a claim for Alabama state law negligent hiring, training and supervision against Defendant Sheriff Tirey in both his individual and official capacities in future pleadings to this court since such claim would be due to be dismissed in its entirety **with prejudice**.

## CONCLUSION

For the foregoing reasons, the Motions to Dismiss filed by Defendants Tirey and Walker County are each due to be granted. Moreover, these proceedings are due to be stayed pending the Eleventh Circuit's decision in *Turquitt v. Jefferson County*. An appropriate order in conformity with this Memorandum Opinion is contemporaneously entered.

DONE this 27th day of March, 1997.

_____
E.B. HALTOM, JR.
SENIOR UNITED STATES DISTRICT JUDGE